Date Signed:
July 3, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CASE NO. 13-01686 |
| | ) | (Chapter 11) |
| THELLDINE LINMOE WEGESEND and WARREN ROBERT WEGESEND, | ) ) ) ) | |
| Debtor. | ) ) | |
| _____ | ) | Judge: Hon. ROBERT J. FARIS |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING UNITED STATES TRUSTEE'S MOTION TO
DENY COMPENSATION FOR DEBTORS' ATTORNEY**

The United States Trustee's Motion To Deny Compensation For Debtors'

Attorney came on for hearing on June 23, 2014. Curtis Ching appeared for the

United States Trustee. No other appearance was made. Pursuant to Rule 7052 of

1

the Federal Rules of Bankruptcy Procedure, the Court hereby makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1) This case commenced on October 11, 2013 with the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code. The Debtors were represented by Robert L. Stone of Property Rights Law Group ("PRLG"). The Debtors filed their case to protect their residence from foreclosure.

### A. Chapter 13 Ineligibility

2) On December 10, 2013, OneWest Bank filed a motion to dismiss the Chapter 13 case on the grounds that the Debtors' debts exceeded the statutory limits under Section 109(e) of the Bankruptcy Code.

3) At a hearing on January 7, 2014, the Court orally granted OneWest's motion to dismiss agreeing with OneWest Bank's contention that the Debtors were not eligible for Chapter 13 relief but allowing the Debtors 14 days to seek conversion to Chapter 11.

4) The Debtors requested conversion to Chapter 11. The Court converted the case to one under Chapter 11 on February 10, 2014.

### B. Relief From Stay

5) OneWest Bank filed a motion for relief from stay on December 10,

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed 07/03/14   Page 2 of 16

2013.

6) The Debtors, through PRLG, filed an opposition to this motion. But PRLG did not appear at the hearing on the bank's motion to advance the Debtors' position. As a result, the Court granted OneWest Bank's motion on January 24, 2014.

7) The Debtors, through PRLG, then filed a motion for relief from judgment or order granting relief from stay. At the hearing on the Debtors' motion, PRLG did not appear; instead Peter Knapman, an attorney not with PRLG, argued the matter for the Debtors. The Court denied this motion on April 28, 2014.

**C.  Improper Fee Disclosures**

8) On October 29, 2013, Mr. Stone filed the Disclosure of Compensation of Attorney for Debtor indicating that in the year prior to filing, his compensation paid or agreed to be paid "in contemplation of or in connection with the bankruptcy case" was as follows:

- he had "agreed to accept" $0;

- prior to the filing of this statement, he had received $0;

- the balance due him was $0.

- there was an "Agreement for the Adversary Proceeding" of $1,000/month.

3

9) The U.S. Trustee learned that the Debtors had paid PRLG fees within the year prior to filing for work relating to OneWest Bank's foreclosure. On February 6, 2014, the U.S. Trustee filed a motion to compel PRLG to file an amended fee disclosure.

**D.  Acceptance (and Return) of Unauthorized Payments**

10) On March 7, 2014, Mr. Stone provided the U.S. Trustee with an unfiled revised Disclosure of Compensation showing receipt of $12,000 from the Debtors. The U.S. Trustee later learned that of this amount, the Debtors had paid $8,000 pre-petition and $4,000 post-petition.

11) At the hearing on the U.S. Trustee's motion to compel disclosure, Debtors' counsel did not appear. Nevertheless, based on the unfiled revised disclosure, the U.S. Trustee withdrew its motion.

12) The $4,000 post-petition payments during the Chapter 13 case were not authorized. The U.S. Trustee and PRLG agreed that PRLG should return the $4,000. The $4,000 was returned to the Debtors.

**E.  Dismissal Of The Case**

13) The Court's February 10, 2014 order converting the case to Chapter 11 required the Debtors to take five actions within 7 days or face automatic dismissal. Those actions were: (1) pay the conversion fee of $932; (2) file a list of 20 largest

4

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed  07/03/14   Page 4 of 16

unsecured creditors; (3) file an amended petition or statement whether the debtor is a "small business debtor"; (4) file a Chapter 11 Means Test form; and (5) file an application to employ counsel and any other professionals.

14) The Debtors, through their counsel, complied with one of the five requirements. They paid the $932 conversion fee.

15) Although the Debtors were given 7 days to comply, the Court waited 18 days. On February 28, 2014, the Court dismissed the case for the Debtors' failure to comply with its order.

16) The Debtors subsequently moved for relief from the dismissal, admitting that the fault for the failure to comply with the Court's order lay with PRLG. Debtors' counsel belatedly complied with the remaining four requirements. The motion for relief from the dismissal was granted by the Court on March 14, 2014. The case was reinstated.

    **F.    Denial Of Employment**

17) The U.S. Trustee opposed PRLG's application to be employed due to the firm's numerous, significant errors.

18) At the April 21, 2014 hearing on PRLG's employment application, PRLG again did not appear through its own lawyer. Instead, attorney Robert Mosher appeared and argued this and other motions set at the same time. The Court

5

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed 07/03/14   Page 5 of 16

conditionally granted the employment application provided PRLG affiliated itself with experienced Chapter 11 counsel within 14 days, i.e., by May 5, 2014, and file an appropriate employment application.

19) PRLG did not affiliate itself with bankruptcy counsel within 14 days. As a result, the Court on May 7, 2014 denied PRLG's employment application.

### G. Dismissal Of Adversary Proceeding

20) On December 27, 2013, the Debtors through PRLG commenced an adversary proceeding against OneWest Bank, FSB challenging the bank's lien.

21) OneWest Bank filed a motion to dismiss the complaint. On April 28, 2014, the Court granted OneWest Bank's motion and dismissed the Debtors' complaint.

22) The Debtors filed a Notice of Appeal which is pending.

### H. Change of Attorneys And Conversion To Chapter 7

23) On May 7, 2014, the U.S. Trustee moved to dismiss or convert the case to Chapter 7.

24) On May 19, 2014, PRLG filed an application to employ attorney Ramon Ferrer as counsel for the Debtors. This was a much belated attempt to comply with the Court's requirement that PRLG would only be employed if it associated with experienced Chapter 11 counsel. On May 27, 2014, the Debtors,

6

U.S. Bankruptcy Court - Hawaii    #13-01686    Dkt # 157    Filed  07/03/14    Page 6 of 16

through attorney Ramon Ferrer, filed a supplemental pleading indicating that the Debtors were no longer seeking to employ Ferrer in association with PRLG. Instead, Ferrer would be the sole counsel for the Debtors.

25) On June 6, 2014, the Court approved the Debtors' retention of Ramon Ferrer.

26) On June 6, 2014, the Court converted the case to one under Chapter 7.

**I.   U.S. Trustee's Motion To Deny Fees.**

27) On May 13, 2014, the U.S. Trustee filed its Motion To Deny Compensation For Debtors' Attorney, the subject of these findings and conclusions. The motion seeks to deny attorney's fees for PRLG due to the poor quality of PRLG's services. PRLG did not respond to the U.S. Trustee's motion and did not appear at the hearing on June 23, 2014.

**J.   Debtor's Counsel's (Lack Of) Appearances.**

28) In the case and the related adversary proceeding against OneWest, there have been twelve hearings, meetings of creditors, or initial debtor interviews where counsel should have appeared for its clients or for itself. PRLG's attorney Mr. Stone appeared at five of these matters (two of which were by telephone). In three matters, substitute counsel appeared for the Debtors. And in four matters, including the hearing on the U.S. Trustee's motion to deny fees, no attorney

7

appeared.

| #  | Date     | Matter                                                                                                                              | Appearance              | Comment                                                                                                                                                                          |
|----|----------|-------------------------------------------------------------------------------------------------------------------------------------|-------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | 11/29/13 | Ch 13 341 meeting                                                                                                                   | R. Stone                | Meeting held and closed.                                                                                                                                                         |
| 2  | 12/12/13 | Ch 13 Plan Conf.                                                                                                                    | P. Knapman              | Conf. hearing cont'd to 1/30/14.                                                                                                                                                 |
| 3  | 1/7/14   | Motion to Dismiss by OneWest Bank                                                                                                   | P. Knapman              | Dismissal granted but Debtors allowed 14 days to convert case.                                                                                                                   |
| 4  | 1/15/14  | OneWest Motion for Relief from Stay                                                                                                 | NONE                    | Relief from stay granted to OneWest Bank.                                                                                                                                        |
| 5  | 1/30/14  | Ch 13 Plan Conf.                                                                                                                    | NONE                    | Confirmation denied.                                                                                                                                                             |
| 6  | 2/10/14  | Debtors' motion to convert to Ch 11                                                                                                 | R. Stone                | Motion to convert to Ch 11 granted.                                                                                                                                              |
| 7  | 2/19/14  | Adv. Pro. Sched. Conf.                                                                                                              | R. Stone (telephonic)   | Discovery deadlines and trial date set.                                                                                                                                          |
| 8  | 2/21/14  | Initial Debtor Interview                                                                                                            | R. Stone (telephonic)   |                                                                                                                                                                                  |
| 9  | 3/13/14  | UST's Motion to Compel Disclosure                                                                                                   | NONE                    | UST withdraws motion.                                                                                                                                                            |
| 10 | 4/3/14   | Ch 11 341 meeting                                                                                                                   | R. Stone                | Meeting held and closed.                                                                                                                                                         |
| 11 | 4/21/14  | Hearing: Debtors' motion reconsider termination of stay; contested application to employ; status conf.; OneWest motion to dismiss complaint | R. Mosher               | Motion for reconsideration denied; objection to employment conditionally sustained; status conf. continued; OneWest motion to dismiss Debtors' complaint granted.                |
| 12 | 6/23/14  | Hearing: U.S. Trustee's Motion To Deny Fees To PRLG                                                                                 | NONE                    | Court grants UST's motion and denies fees to PRLG.                                                                                                                               |

8

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed  07/03/14   Page 8 of 16

## II. CONCLUSIONS OF LAW

29) Section 329(b) of the Bankruptcy Code states,

If [compensation paid or agreed to be paid to debtor's attorney] exceeds the reasonable value of [services rendered or to be rendered in the case], the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –

(1) the estate, if the property transferred –

    (A) would have been property of the estate; or
    (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

11 U.S.C. §329(b). See also FRBP Rule 2016(b).

30) Courts have the authority to deny any and all compensation when an attorney fails to meet the requirements of §329 and Rule 2016(b). In re Lewis, 113 F.3d 1040, 1045 (9th Cir. 1997). Consideration should be given to whether the attorney was negligent or committed malpractice. In re Shaw, 2000 WL 1897344 at *6 (N.D. Cal. 2000). The burden is upon the attorney to demonstrate that the fees requested are reasonable. In re IMG Transport, LLC, 2012 WL 695019 at *3 (9th Cir. BAP 2012).

31) The purpose of § 329 is to protect debtors and the estate. See In re Lewis, 113 F.3d 1040, 1045 (9th Cir. 1997) citing In re Walters, 868 F.2d 665, 668

9

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed  07/03/14   Page 9 of 16

(4th Cir. 1989). Section 329(a) and Rule 2016(b) are part of a regulatory scheme put in place to combat overreaching by debtor's counsel. In re Smith, 2014 WL 764425 at *3 (9th Cir. BAP 2014). Section 329(b) was enacted in response to the concern that "[p]ayments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and should be subject to careful scrutiny." In re 268 Ltd., 789 F.2d at 677, quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977), U.S.Code Cong. & Admin.News pp. 5963, 6285 and S.Rep. No. 989, 95th Cong., 2d Sess. 39–40 (1978), U.S.Code Cong. & Admin.News pp. 5787, 5825–5826. As a result, attorney compensation is subject to careful scrutiny by the courts. See In re 268 Ltd., 789 F.2d 674, 677 (9th Cir. 1986).

32) The reasonable value of services rendered by a debtor's attorney is a question of fact to be determined by the particular circumstances of each case. In re Spickelmier, 469 B.R. 903, 914 (Bankr.D. Nev. 2012). The requested compensation may be reduced if the court finds that the work done was excessive or of poor quality. In re Spickelmier, 469 B.R. at 914 (Bankr. D. Nev. 2012) (citing, inter alia, 3 Collier on Bankruptcy ¶ 329.04[1] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2011)). See also Hale v. U.S. Trustee (In re Basham), 208 B.R. 926, 933 (9th Cir. BAP 1997), aff'd, Hale v. U.S. Trustee (In re Byrne), 152

U.S. Bankruptcy Court - Hawaii    #13-01686    Dkt # 157    Filed 07/03/14    Page 10 of 16

F.3d 924 (9th Cir.1998) (Table) (affirming disgorgement of fees for, among other things, the failure to provide competent and complete representation).

33) The particular facts demonstrate that PRLG should receive no compensation for its work in this case. PRLG has made numerous mistakes outlined above which have caused significant harm to the estate. The firm has also not provided sufficient resources to this case, often neglecting its responsibilities either by having outside attorneys (whose employment was not approved by the Court) appear and argue on important issues or by not appearing at hearings at all. Overall, the errors and neglect have harmed the Debtors in their attempts to reorganize and demonstrate that no fees should be awarded to PRLG.

34) The first error was filing the case as a Chapter 13 when the Debtors were ineligible for Chapter 13 relief. PRLG should have known that the Debtors' debts exceeded the statutory limits of Section 109(e). The Chapter 13 filing caused a four month waste of time. This Court has sanctioned law firms under FRBP Rule 9011 for filing a Chapter 13 case when the debtor's debts clearly exceed allowable limits. See In re Bouley, 2011 WL 4458928 (Bankr. D. Haw. 2011). Denying compensation in similar circumstances under the standards of §329(a) is consistent with such a view.

35) PRLG's defense of the Debtors against OneWest Bank's motion for

11

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed 07/03/14   Page 11 of 16

relief from stay defies easy explanation.  The firm filed an opposition to the motion for relief from stay clearly demonstrating the Debtors' intention to fight the foreclosure process.  This is consistent with the overall purpose of the Debtors' bankruptcy filing.  But then PRLG did not appear at the hearing to provide any oral argument.  The Court granted relief from stay.

36)   PRLG then moved for relief from the order granting relief from stay claiming that OneWest Bank's hearing was "mistakenly scheduled."  But on the hearing date for PRLG's motion, PRLG sent a substitute attorney to argue the matter before the Court.  The lack of appearance at the original relief from stay motion appears to have been PRLG's error.  The decision to send an outside attorney to argue the subsequent motion for relief from order is incomprehensible given the significance of the motion.  The motion for relief from order was denied.

37)   PRLG also violated the fee disclosure standards of Section 329(a). The firm's incomplete fee disclosure and its receipt of unauthorized post-petition payments were previously documented in the U.S. Trustee's motion to compel fee disclosure.  The fee disclosure stated only that there was an "Agreement for the Adversary Proceeding" for $1,000 per month.  But PRLG apparently received eight pre-petition payments of $1,000 each and four post-petition payments of $1,000 each from the Debtors.  The pre-petition payments should have been disclosed as

12

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed 07/03/14   Page 12 of 16

they appear to have been "for services rendered in contemplation of or in connection with the case" pursuant to Section 329(a).

38) PRLG's receipt of $4,000 in post-petition payments was improper. To the extent the payments were received during the Chapter 13 case, PRLG violated Local Bankruptcy Rule 2016-1(g) which restricts counsel's receipt of post-petition payments. To the extent the payments were received during the Chapter 11 case, the payments violated Section 330(a) since they were not approved by this Court. Regardless of which chapter the payments were made under, PRLG's failure to file prompt supplemental fee disclosures violated FRBP Rule 2016(b) which requires a supplemental statement within 14 days of any payment not previously disclosed. To its credit, PRLG refunded the $4,000 to the Debtors after the U.S. Trustee raised an objection.

39) PRLG committed a significant error by allowing the Debtors' case to be dismissed soon after conversion to Chapter 11 because the firm neglected to follow the plain order of the Court. The firm's failure to fulfill four routine tasks as ordered by this Court – filing the list of 20 largest unsecured creditors, an amended petition, a Chapter 11 Means Test, and an employment application - resulted in dismissal of the case. That dismissal triggered the firm to file a motion to set aside the dismissal in which the firm acknowledged its neglect. The dismissal and

U.S. Bankruptcy Court - Hawaii    #13-01686    Dkt # 157    Filed 07/03/14    Page 13 of 16

eventual reinstatement of the case threw various other scheduled hearings into uncertainty.

40) PRLG's handling of its own employment application further demonstrated neglect. At the April 21, 2014 hearing and facing the U.S. Trustee's objection on the grounds that the firm's errors in the case demonstrated a lack of experience and competency, PRLG again sent an outside attorney, Mr. Mosher, to argue the matter (along with other significant hearings scheduled for the same time). The Court allowed PRLG an opportunity to remain in the case by giving it 14 days to associate with experienced Chapter 11 counsel. But the firm failed to take any action to associate with experienced Chapter 11 counsel within the allotted time. As a result, the Court denied the employment application.

41) Then on May 19, 2014, long after the Court had denied the employment application, PRLG filed an application to employ itself in association with Ramon J. Ferrer, Esq. This application was not timely based on the Court's April 21, 2014 oral ruling and was inconsistent with the Court's previous order which already denied PRLG's employment. This application was effectively revised to seek only the employment of Mr. Ferrer, but it further illustrates PRLG's inadequate representation of the Debtors in this case.

14

42) The Debtors' adversary proceeding against OneWest Bank which was the Debtors' primary focus in bringing the bankruptcy case in the first place was dismissed. As with other motions set for hearing, PRLG filed an opposition and then arranged for substitute counsel to appear at the hearing to argue on behalf of his clients. The Court granted OneWest Bank's motion to dismiss. The use of outside counsel to argue this important motion for the Debtors is inexplicable and leads the Court further to conclude that PRLG failed in its representation of the Debtors.

43) In sum, after reviewing the events of this case, it is apparent that the Debtors did not benefit from this bankruptcy case. PRLG's neglect and numerous mistakes have left the Debtors in further jeopardy. PRLG did not even oppose the U.S. Trustee's motion to deny fees or appear at the hearing to defend its course of action. Based on the above, the Court concludes that PRLG has demonstrated in this case "a lack of competence and diligence that does not deserve to be compensated." See In re Spickelmier, 469 B.R. 903, 914 (Bankr. D. Nev. 2012). The U.S. Trustee's motion to deny fees is granted. A separate order denying PRLG all fees in this case will be entered.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

U.S. Bankruptcy Court - Hawaii   #13-01686   Dkt # 157   Filed 07/03/14   Page 15 of 16

Submitted By:

CURTIS CHING    3931
Assistant United States Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii    96813
Telephone:    (808) 522-8154
Facsimile:    (808) 522-8156
ustpregion15.hi.ecf@usdoj.gov

16